### A. Bradford Caldwell v. George and Donna Shover

[428 A.2d 1131]

No. 273-79

Present: Barney, C.J., Daley, Larrow, Billings, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed February 20, 1981

*H. Joseph Gamache* of *Sylvester & Maley,* Burlington, for Plaintiff.

*Cleveland, Unsworth & Bennett,* Shelburne, for Defendants.

**Per Curiam.** The plaintiff operates Kwiniaska Golf Club and employed the defendant, Donna Shover. This is a small claims action for a claimed balance of $98.35 due on purchases by the Shover family at the pro shop. The husband and children were given free memberships and allowed to charge items to Mrs. Shover's account. She had worked for the plaintiff during the golfing season for some eleven years.

The district court found that the balance due could not be recovered because it was based on a contract illegal under 21 V.S.A. § 343. The court also dismissed a counterclaim of the defendants. Only the denial of the plaintiff's claim is here.

The statute referred to by the district court forbids employers from paying employees by "any form of evidence of indebtedness including, without limitation, all scrip, vouchers, due bills, or store orders . . . ." other than check, unless the employer is a cooperative corporation in which the employee is a stockholder. Violation carries a criminal penalty of a fine or imprisonment or both under 21 V.S.A. § 345. This matter is not concerned with a prosecution under that statute, but is limited to its asserted effect of making the agreement between this employer and employee illegal and unenforceable.

During the years she had worked for the plaintiff, Mrs. Shover had always been paid by check in the customary manner. This particular year, 1976, however, she had approached her employer with a request that she be allowed to take her pay in merchandise, citing some possible tax advantages. There is no suggestion that she was foreclosed from drawing any or all of her salary by check, as done in previous years, if she had so desired. At the time, before she had commenced work for the year, her husband had already charged three hundred dollars worth of goods.

As the year went along other items were charged by members of the family, and her pay was duly credited to the account. At no time, however, was a credit balance ever reached. In August of 1976, due to a misunderstanding between Mrs. Shover and the plaintiff's wife relating to the Shover children, Mrs. Shover left plaintiff's employ, still owing a balance of $220.83. Later that balance was reduced by additional credits to $98.35, the amount now claimed by the plaintiff.

Under the facts of this case the statute is no impediment to recovery. Since her account at all times reflected more purchases than her wages could cover, Mrs. Shover was, in effect, drawing advances on her salary. She was never given any sort of indebtedness representing wages earned. Because of that, even if the statute was otherwise applicable, a question not necessary to be reached here, this situation did not fall within its prohibition. The denial of recovery on that ground was error.

Since the lower court never reduced the balance due the plaintiff to a specific finding, the matter will be returned to the district court for such a determination and for entry of a judgment order with interest and costs as appropriate.

*Reversed and remanded for a finding of the balance due and for entry of a judgment order with interest and costs as appropriate.*